FILED
COURT OF APPEALS
DIVISION II

2013 MAR 19 AM 8: 43

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43015-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| STUART A. BLAZEK, | |
| Appellant. | |

BJORGEN, J. — Stuart Blazek appeals from his conviction for unlawful possession of oxycodone, arguing that the State did not present sufficient evidence that he possessed the oxycodone and that his trial counsel was ineffective for not proposing a "momentary handling" jury instruction. We affirm.[1]

On May 11, 2009, Westport Police Officer Kevin Chaufty stopped Blazek's vehicle for driving while license suspended. Officer Chaufty arrested Blazek and, during a search incident to arrest, found a pill bottle in a jacket pocket. The label had been removed from the pill bottle. When booking Blazek into the jail, Officer Chaufty found three pills in the inside mesh of Blazek's jacket pocket. Those pills were identical to those in the pill bottle and were marked "512." Report of Proceedings (June 29, 2009) at 6. There were 41 pills in the pill bottle. Blazek stipulated that the pills were oxycodone.

The State charged Blazek with unlawful possession of oxycodone. At trial, Blazek called Bernie Hurlburt, who testified that Blazek gave him a ride to a pharmacy where Hurlburt picked up a prescription of oxycodone for Hurlburt's father. Hurlburt said while in Blazek's vehicle, he

---

[1] A commissioner of this court initially considered Blazek's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

divided the 120 oxycodone pills that he picked up, putting approximately 40 pills each into two pill bottles whose labels had been removed and leaving the remainder in the bottle from the pharmacy. Hurlbut then put the pill bottles into his backpack. He said he divided the pills to prevent his father from overdosing. An hour after Blazek dropped Hurlburt off at his home, Hurlburt unpacked his backpack and discovered that one of the pill bottles was missing. He identified the pill bottle found in Blazek's pocket as the bottle that was missing. Even after learning of Blazek's arrest for possessing the oxycodone, Hurlburt did not inform the police that the pills were his father's.

Blazek testified that after dropping off Hurlburt, he noticed a pill bottle on the floorboard of his vehicle. As he was putting the pill bottle in his pocket, the lid came off, spilling some pills. Blazek testified that he thought he had put all the pills back into the bottle. He said that he was driving to Hurlburt's house to return the pills when Officer Chaufty stopped him.

The trial court gave the following unwitting possession instruction requested by Blazek's counsel:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession or did not know the nature of the substance.
> The burden is on [Blazek] to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

Clerk's Papers at 23, 31.

The jury found Blazek guilty as charged.

On appeal, Blazek argues first that the State failed to present sufficient evidence that he possessed the oxycodone. He contends that the State showed only that he had momentarily

2

handled the oxycodone and had not shown that he had actual control over the oxycodone. Evidence is sufficient if, when viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

To establish actual possession of a controlled substance, the State must prove that the defendant had "actual control, not a passing control which is only a momentary handling." *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969); *State v. George*, 146 Wn. App. 906, 920, 193 P.3d 693 (2008). Thus, the question of momentary handling goes to whether the evidence is sufficient to allow the trier of fact to find possession beyond a reasonable doubt. *See State v. Staley*, 123 Wn.2d 794, 800-01, 872 P.2d 502 (1994). To possess means to have "actual control, care and management of, and not a passing control . . . " *Staley*, 123 Wn.2d at 801 (citing *U.S. v. Landry*, 257 F.2d 425 (7th Cir. 1958)). In this inquiry, the duration of the handling is only one factor to be considered. *Staley*, 123 Wn.2d at 801. A momentary handling, along with other sufficient indicia of control over the drugs, can support a finding of possession under the totality of the circumstances. *Staley*, 123 Wn.2d at 802; *State v. Summers*, 107 Wn. App. 373, 386-87, 28 P.3d 780 (2001).

Here, the State presented evidence that Blazek had the oxycodone in his jacket pocket while in a car over which he had complete control from the time the pills spilled to when he was stopped by the officer. This was sufficient evidence for a jury to find beyond a reasonable doubt

that he actually possessed the oxycodone. The jury was free to reject Blazek's and Hurlburt's testimony.

Second, Blazek argues that he received ineffective assistance of counsel when his trial counsel did not offer a "momentary handling" jury instruction based on *Staley*. To establish ineffective assistance of counsel, Blazek must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

*Staley* and *Summers* make clear, though, that "momentary handling" is relevant only to whether the defendant had actual possession of the controlled substance. *Staley*, 123 Wn.2d at 802; *Summers*, 107 Wn. App. at 386. Since there is no defense of "momentary handling," it would have been improper for the trial court to have instructed the jury on such a defense. Thus, it was not deficient performance for Blazek's counsel not to have requested such an instruction. *Staley*, 123 Wn.2d at 802; *Summers*, 107 Wn. App. at 387-88. Unwitting possession, on the other hand, is a defense to possession. *Staley*, 123 Wn.2d at 802. Blazek's counsel requested and the court issued an instruction on this defense. These actions do not demonstrate ineffective assistance of counsel.

We affirm Blazek's conviction.

A majority of the panel having determined that this opinion will not be printed in the

No. 43015-1-II

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, J.

We concur:

QUINN-BRINTNALL, J.

JOHANSON, A.C.J.

5